## R & L Development Co., Inc. v. Board of Assessment Appeals of Westmoreland County

*Brian Fenton,* for plaintiff.
*Aaron M. Kress,* for defendant.

LOUGHRAN, *J.,* December 10, 1980—Plaintiff owns three parcels of land located in Westmoreland County which are the subject of this case. The parcel located in the Borough of New Alexandria having Map No. 22-01-11-0-026, consists of 17.9 acres and was acquired by deed dated November 7, 1979 and recorded in deed book volume 2342, page 1135 for the sum of $60,000. This parcel is the combination of three small parcels which previously had been assessed separately and are now assessed together. The total assessed value did not change when the three parcels were combined and the present assessed value is $3325.

The two other parcels are part of a farm which was acquired by plaintiff by deed dated December 31, 1979 and recorded in deed book volume 2344, page 1099 for the consideration of $295,000. Although these two parcels are contiguous, each is assessed separately because the Derry-Loyalhanna Township line crosses the farm. A parcel containing 158.1 acres is taxed in Derry Township. This

parcel had an assessed value of $8550 before it was acquired by plaintiff and the assessed value was raised to $11,150. The parcel situate in Loyalhanna Township consists of 17.3 acres which was assessed at $200 and has been raised to $750.

Plaintiff appealed these assessments requesting a reduction, the request was refused and plaintiff appealed to the court of common pleas. This case was tried on November 21, 1980 and then taken under advisement for this opinion.

The first question presented to the court was whether the board of assessment erred in setting the assessed value of the New Alexandria property (17.9 acres) in an amount equal to the sum of the assessed values of the three parcels that now comprise the property.

The testimony of Charles Gadd, a member of the board of assessment appeals, indicates that the parcel in New Alexandria is comprised of three parcels that were formerly assessed separately. He also testified that the board set the new assessed value of the parcel by adding together the assessed values of the three parcels that comprised the new parcel. Certainly, there can be no error in setting the appraised value and plaintiff has made no effort to attack this method of coming up with a new assessed value. The board may change the assessed value whenever there is an addition to the property. In this case additional land was tacked on to the parcel and the board merely increased the assessed value by an amount equal to the assessed value of the land that was added.

Plaintiff did attempt to show other comparables near the subject property that had a different and lower assessment but defendant also introduced comparables that were truly similar to the assessment of plaintiff. Plaintiff has not convinced this

court that this assessment was unfair or unlawful and it will stand.

Turning our attention next to the Derry and Loyalhanna tracts comprised of 158.1 acres and 17.3 acres respectively the evidence revealed the following:

The testimony of plaintiff's witness, Dale Latimer, who is the president of plaintiff corporation, established that plaintiff is engaged in coal stripping activities; that plaintiff paid $295,000 for the Derry and Loyalhanna properties; that coal "stumps" were found on the premises; and that plaintiff has been or presently is engaged in coal stripping activities within 2,000 feet to the west and the south of the subject premises as he pointed out on the aerial photograph entered into evidence by plaintiff.

By law, the county may, and should, value the premises at a figure commensurate with what in fact may be its reasonable use: The General County Assessment Law of May 22, 1933, P.L. 853, as amended, 72 P.S. §5020-402, note 34. The actual value of the property for taxation purposes should take into consideration all uses to which the property is adapted and might in reason be applied: Madeira Appeal, 52 Berks 167 (1960). Such actual value should take ". . . into consideration all uses to which the property is adapted and might in reason be applied . . ." Hudson Coal Company's Appeal, 327 Pa. 247, 251, 193 Atl. 8 (1937). Even if plaintiff never intended to strip the coal the board of assessment appeals has the right to view the premises as coal producing and assess it as such.

Defendant's witness Gadd testified that he established the fair market value and assessed value of the premises by comparing it with other assessed

properties having coal located thereon, either severed or not severed from the surface. However, plaintiff's witness, Louis Martin, a real estate appraiser, failed to consider the use of the premises for coal stripping and the comparables that he used were suggested by plaintiff's counsel, a practice that is less than commendable and hence of little value to this hearing. He did not view the comparable properties or test them for the purpose of determining the coal content. He did not consider any other properties in the area of the subject property where the value of the coal was a part of the assessed value. His testimony, therefore, is extremely suspect and barely credible.

Under the circumstances and considering all of the testimony presented at the hearing, reality dictates that the Derry portion of this propety was purchased for coal stripping, especially in light of the price paid for it. Even if is believed that the land is presently being farmed, the board has the right to consider its use for coal stripping since it is a reasonable use under the circumstances. In addition, the board is not required to make an investigation for the presence of coal by boring holes, or otherwise, before a reasonable assessment of the land as mineral-bearing property may be justified if the attending circumstances show the property to be of this character: DuBois's Appeal, 293 Pa. 186, 142 Atl. 134 (1928).

Defendant has also increased the assessment on the 17.3 acre piece in Loyalhanna Township based upon the contention that it is to be used for strip mining. The testimony did not reveal evidence that there is any coal which can be stripped on or near this parcel. The nearest piece of coal which could be stripped is located near the Southern border of the Derry parcel which is approximately 1800 feet

from the Derry-Loyalhanna Township line. It is difficult to believe that stripping operations would extend to this area. Regardless of the fact that the Loyalhanna parcel is contiguous to the Derry and the two parcels were bought at the same time, the Loyalhanna parcel is taxed as a separate tract and as such should be taxed according to *its possible uses,* not those adjoining lands.

Plaintiff has introduced a good deal of evidence into the record which tends to indicate that much of the acreage defendant assessed, in reality, as containing coal, is shown on the assessment cards as agricultural land. Plaintiff contends that if it is shown on the cards as agricultural land than it should be assessed accordingly and that the board of assessment appeals should be penalized for its record-keeping system.

The form and arrangements of these tax records are, to the extent not prescribed by statute, largely a matter of official practice within the discretion of the officer authorized to make such records, provided that the officer makes the records intelligible. 36 P.L.E., Taxation 192. In first class counties, i.e., Philadelphia, the assessment records contains many items as required by statute: 72 P.S. §§ 5341.6, 5341.9 and 5341.17. In third class counties such as Westmoreland, the requirements as to the form and content of the tax records are met merely by listing the property and the value: 72 P.S. § 5348. The board has the duty to: ". . . prepare an assessment roll or list of persons and property subject to local taxation, together with the value placed upon each person and each parcel or tract of real property . . ." The description of property in the assessment record is sufficient if the property is described so that it is rendered susceptible of identification: 36 P.L.E., Taxation § 194.

Despite any suggested inaccuracies in the board's record-keeping system, there is coal on the premises and both plaintiff and defendant know it. The evidence of both parties substantiates this fact. The board chose to put this information on the tax card in its own unique way, but neither party has been harmed by this. The board is assessing coal, no matter what they call it on the card. If the board had put on the tax card that there was a five story apartment building on the premises when, in fact, none existed, that would have been a defect of such nature to have affected the asessed value.

Therefore, it appears that there is no statutory mandate to keep assessment records in any great detail in third class counties; that discretion of the board of assessment appeals in forming and keeping such records is supported by case law; and, that plaintiff cannot contend that the assessed value of its property should be changed because it does not agree with defendant's methods of keeping records.

## FINDINGS OF FACT

1. The New Alexandria property was purchased November 7, 1979 for the sum of $60,000, defendant has set the fair market value at $16,750 and the assessed value is $3,325.

2. The property is unimproved.

3. The assessed value per acre of similar parcels along Route 22 is comparable to the assessed value per acre of this parcel.

4. The new assessed value of the New Alexandria property is in an amount equal to the sum of the assessed values of the three parcels formerly assessed separately and there is no increase in the total assessment.

5. Plaintiff land owner is engaged in the coal stripping business in Westmoreland County.

6. The Derry Township property was acquired

December 31, 1979 along with the Loyalhanna Township property for the consideration of $295,000, previously had an assessed value of $8,550, has the fair market value set by defendant at $55,780 and now has the assessed value of $11,150.

7. Coal capable of being stripped lies under 11 acres of this 158 parcel near the Southern boundary.

8. The Derry-Loyalhanna property is located in an area where coal stripping has occurred and still occurs.

9. Defendant based the increase on its contention that the two parcels of land should be viewed as properties containing coal, where mining activities were imminent or that mining activity is a reasonable use of the property.

10. Plaintiff has engaged in coal stripping near Derry-Loyalhanna property.

11. Evidence of coal has been found on the "Derry" premises by Dale Latimer, President of plaintiff corporation.

12. Defendant compared the Derry-Loyalhanna property to other assessed properties having coal located thereon, either severed or not severed from the surface.

13. Plaintiff's witness, Louis Martin, considered as comparable properties only those given to him by plaintiff's counsel and did not make an independent appraisal nor did he consider what affect the presence of coal on the premises would have had to its assessed value.

14. In determining assessed value, the board of assessment appeals applies a 20 percent ratio of assessed value to fair market value as fixed by the board and this ratio is applied uniformly to such determination of fair market value throughout the county.

15. The Loyalhanna property was acquired in conjunction with the Derry Township property on December 31, 1979, had an assessed value of $200 before the sale, has the fair market value set by defendant at $3,810 and the assessed value is $750.

16. No coal capable of being stripped lies under any portion of this land and the nearest deposit of coal which might be stripped is 1800 ft. to the South.

17. Considering the distance to the nearest coal and the public roads which lie between this property and the coal, no mining operation will be carried out on this land.

18. This parcel is identified as an independent parcel on the tax records.

19. The assessed value of tillable land and pasture of surrounding farms are $200 and $100 per acre respectively, whereas, the assessed value for the Loyalhanna property are $300 and $250 per acre.

20. The Loyalhanna property is similar to the surrounding property which has a lower assessed value.

21. The fair market value of the New Alexandria property is $16,750 and its assessed value is $3,325.

22. The fair market value of the Derry Township property is $55,780 and its assessed value is $11,150.

23. The fair market value of the Loyalhanna property is $3,810 and its assessed value is $750.

## CONCLUSIONS OF LAW

1. The board of assessment appeals, pursuant to

The General County Assessment Law, 72 P.S. § 5020-402, has the right to consider all reasonable uses to which a property may be put in determining the assessed value of taxable real estate.

2. The board of assessment appeals may consider all reasonable uses to which a property may be put in determining assessed value, even if the property is presently subject to a different use.

3. The board of assessment appeals, in determining that a property contains coal affecting its assessed value, is not required to make a detailed and scientific investigation of the presence, quantity or quality of the coal.

4. The board of assessment appeals may determine that a property contains coal whenever the attending circumstances show the property to be of that character.

5. Pursuant to the Third Class County Assessment Law, 72 P.S. § 5348, the board of assessment appeals is required to prepare an assessment roll only by listing the property and its value.

6. The description of real estate in an assessment roll is sufficient if the property is described so that it is susceptible of identification.

7. Public officials have reasonable discretion in adopting appropriate methods to perform duties imposed upon them.

8. The assessment roll of the board of assessment appeals is not defective because of a discrepancy in the manner in which the subject property is described on the tax cards.

9. Plaintiff's assessment should not be reduced on the basis of any discrepancy in describing the land.

10. The only use for the Loyalhanna property is farm land and as such the assessed value of this

land should be reduced to the same level as the assessed value of the surrounding farm lands.

### ORDER

And now, December 10, 1980, after a full hearing on the within case on November 21, 1980, it is hereby ordered, adjudged and decreed that the petition for reduction of the New Alexandria property's assessment herein is denied; it is the further order of this court that petition for reduction of the assessment of the Derry Township tract comprised of 158.1 acres is also denied; and finally it is the order of this court that the petition for reduction of the assessment of the Loyalhanna tract containing 17.3 acres is granted and the Westmoreland County Board of Assessment is directed to assess this property at its former rate of $200 instead of the increased rate of $750.